UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS MIHALIK,<br><br>                Plaintiff,<br><br>       v.<br><br>VERNETTA WEEMS, *et al.*,<br><br>                Defendants. | No. C19-1396RSL<br><br>**ORDER** |

On or about September 20, 2019, plaintiff mailed notice of the above-captioned lawsuit and a request for waiver of service to the named defendants at the Veterans Affairs Regional Office in Decatur, Georgia. Plaintiff asserts that the summons and other documents were not returned to the sender and that waiver of service were not timely returned. Dkt. # 4 at 1-2. Plaintiff now seeks the Marshal's assistance in serving defendants with the summons and complaint.

The Court declines to involve the Marshals in this matter. Plaintiff is not proceeding *in forma pauperis* and is therefore not entitled to the assistance of the Marshal. Fed. R. Civ. P. 4(c)(3). When a defendant fails to comply with its "duty to avoid unnecessary expenses of serving the summons" without good cause, the usual remedy is to shift the costs of service from plaintiff to the recalcitrant defendant. Fed. R. Civ. P. 4(d)(1) and (2). The Court finds that remedy appropriate here. In addition, Federal Rule of Civil Procedure 4(e) specifies the manner in which individuals can be served with process and incorporates the state law procedures found

ORDER

at RCW 4.28.080. Because defendants are individuals, subsection 16 of RCW 4.28.080 requires that plaintiff serve defendants personally or by leaving a copy of the summons and complaint at "the house of his or her usual abode" with a resident of suitable age and discretion. Even if service by the United States Marshal were appropriate, plaintiff has not provided the addresses necessary to effect service of process (see Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)) or shown good cause for the failure (see Penton v. Pool, 724 F. App'x 546, 550-51 (9th Cir. 2018)).

Plaintiff's "Request for Service of Summons and Complaint by U.S. Marshalls [sic]" (Dkt. # 4) is DENIED. The Clerk of Court is directed to reissue summons to plaintiff (they were first issued on August 30, 2019). Plaintiff shall affect and file proof of service on the named defendants pursuant to Fed. R. Civ. P. 4(e) within forty-five days of the date of this Order. Plaintiff may thereafter seek to recover the costs of service from defendants and, if necessary, may file a motion to collect the service expenses and any costs associated with the motion. Fed. R. Civ. P. 4(d)(2).

The Clerk of Court is directed to note this "Service Deadline" on the Court's calendar for Friday, March 6, 2020.

Dated this 17th day of January, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER