UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS MIHALIK, | |
| Plaintiff, | NO. C19-1396RSL |
| v. | |
| VERNETTA WEEMS, *et al.*, | ORDER OF DISMISSAL |
| Defendants. | |

This matter comes before the Court on defendant Patti Robertson's "Motion to Dismiss Complaint." Dkt. # 14. The five other defendants joined in the motion after they were served with summons and complaint. Dkt. # 25 and Dkt. # 32. Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

Plaintiff filed this lawsuit in August 2019, alleging that he was unlawfully deprived of benefits to which he was entitled under Chapter 31 of Title 38 of the United States Code. Title 38 addresses veterans' benefits, and Chapter 31 pertains to the training and rehabilitation of veterans with service-connected disabilities. Defendants seek dismissal of plaintiff's claims on the ground that the Court lacks subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA") or, if jurisdiction does exist, on the ground that plaintiff has failed to state a viable claim under *Bivens v. Six Unknown Named Agents*, 40 U.S. 388 (1971). Ms. Robertson

ORDER OF DISMISSAL - 1

also argues that the Court cannot exercise jurisdiction over her person because she does not have constitutionally sufficient contacts with the forum.

In his response to the motion to dismiss, plaintiff argues that defense counsel, an Assistant United States Attorney in the Western District of Washington, should be disqualified from representing defendants, all of whom are federal employees sued for acts taken in the scope of their employment duties, because plaintiff sued them in their individual capacities. Dkt. # 18 at 3-5. Plaintiff offers no authority in support of this remarkable request, and the Court is unaware of any rule of law or practice that would preclude the government from providing a defense in this context. To the contrary, 28 U.S.C. § 547(2) provides that the United States Attorney in each district is statutorily authorized to defend "all civil actions, suits or proceedings in which the United States is concerned." Federal regulations provide a federal employee "may be provided representation in civil ... proceedings in which he is sued ... in his individual capacity ... when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States." 28 C.F.R. § 50.15(a). It is undisputed that this action involves claims against various employees of the U.S. Department of Veterans Affairs ("VA") based on alleged misconduct undertaken by them within the course of their official duties: this matter therefore falls within the scope of the statutory and regulatory authorizations for representation. *See also Blankenship v. Shinn*, No. C14-0168LEK-BMK, 2016 WL 1032781, at *2-3 (D. Haw. Mar. 15, 2016), *aff'd*, 696 F. App'x 237 (9th Cir. 2017); *Tennille v. Quintana*, No. C09-0238SJM-SPB, 2011 WL 767810, at *1 (W.D. Pa. Feb. 28, 2011). Plaintiff's motion to disqualify defense counsel is DENIED.

ORDER OF DISMISSAL  - 2

The Court further finds that it lacks subject matter jurisdiction over plaintiff's claims. Federal courts have limited jurisdiction and possess only the powers granted to them by Article III of the United States Constitution and statutes enacted by Congress. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). In his complaint, plaintiff alleges that defendants, employees of the VA, engaged in unlawful and criminal acts when they reneged on promises of benefits under Chapter 31. But the VJRA gives to the Secretary of the VA the exclusive power to determine, as an initial matter, all questions of law or fact related to the provision of veterans' benefits. 38 U.S.C. § 511(a). The Secretary's decisions in this realm are "final and conclusive and may not be reviewed by any other official or by any court." *Id*. The VJRA specifies exactly how a benefits determination by the VA may be administratively and judicially appealed, none of which involves the filing of a civil action in district court to challenge the correctness or lawfulness of the determination. *See* 38 U.S.C. §§ 511(a), 7104(a), 7252(a), and 7292(c). Through the VJRA, "Congress has expressly disqualified [district courts] from hearing cases related to VA benefits ... and . . . has conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012).

Plaintiff argues that the VJRA does not apply because he is not challenging a benefits determination, but rather the "unlawful and criminal acts" of defendants. Dkt. # 18 at 6. The argument seems to be that, because district courts have jurisdiction to hear criminal and tort claims, his claims of criminal and tortious conduct are not subject to the appeal structure set forth in the VJRA. The specific criminal or tortious acts of which defendants are accused are all related to a benefits determination, however. *See Veterans for Common Sense*, 678 F.3d at 1023 ("§ 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions

ORDER OF DISMISSAL - 3

that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations."). At its base, plaintiff's claim is that defendants incorrectly, unlawfully, and or criminally deprived him of benefits to which he was entitled under Chapter 31. In order to adjudicate his claims, the Court would have to determine whether VA employees properly administered his claim for benefits, whether plaintiff was entitled to an additional semester of law school classes, whether plaintiff was entitled to payment for a bar examination preparation course and the fees associated with taking the bar examination in February and/or July 2016, and whether the VA was justified in withdrawing prior promises of benefits.

The fact that district courts do, in certain circumstances, have jurisdiction to hear criminal and tort claims cannot save plaintiff's claims. Congress has made clear that jurisdiction is lacking where, as here, the claim would require the Court to review VA decisions that relate to benefits determinations. *See, e.g., Malik v. Dep't of Veteran Affairs*, No. CV19-9471PSG-GJSx, 2020 WL 3871446 (C.D. Cal. July 8, 2020) (allegations of false statements in violation of the Privacy Act insufficient to avoid the jurisdictional bar of the VJRA). The Ninth Circuit has considered and rejected plaintiff's argument that by asserting a violation of law in connection with a benefits determination, he can avoid the VJRA bar. In *Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983), the Ninth Circuit concluded that the Privacy Act claim asserted against VA employees had to be dismissed because "review by the district courts would necessarily run counter to the purposes of [the VJRA]. First, it would open the back door to judicial review to perhaps an overwhelming number of veterans disability lawsuits. A disgruntled claimant need only argue the VA willfully failed to maintain complete records in order to secure Privacy Act review. Secondly, it would require the courts to enter the VA's exclusive dominion over eligibility decisions and veterans' benefits policy." 719 F.2d at 1425. The same concerns are at

ORDER OF DISMISSAL - 4

issue here: if simply alleging unlawful conduct in the handling of a request for benefits opened the courthouse doors, the careful administrative and judicial review procedures established by Congress would be upended, and the VA would be constantly embroiled in federal litigation.

For all of the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims. Defendants' motion to dismiss (Dkt. # 14) is therefore GRANTED.[1] Because the Court does not have the power to hear this case, plaintiff's motion to compel defense counsel to provide addresses for two defendants (Dkt. # 22) and his motion for a more definite statement regarding service issues (Dkt. # 33) are DENIED as moot. The Court will separately address plaintiff's motion to recover the costs of serving defendants Robertson, Jones, Weems, and Bocchicchio (Dkt. # 20) before entering judgment in this matter.

Dated this 28th day of September, 2020.

Robert S. Lasnik
United States District Judge

---

[1] Because the Court lacks jurisdiction over the subject matter of this case, it need not determine whether plaintiff could state a viable claim under *Bivens* or whether the Court has personal jurisdiction over Ms. Robertson.

ORDER OF DISMISSAL - 5